O; **JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV12-05779-AHM*<br>CR08-00583 AHM | Date | December 6, 2012 |
|---|---|---|---|
| Title | ERNEST NELSON v. UNITED STATES OF AMERICA | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |// 
| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: | |

**Proceedings:** IN CHAMBERS (No Proceedings Held)

The Court hereby DENIES Defendant Ernest Nelson's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.

Nelson pleaded guilty to one count of subscribing to a false tax return in violation of 26 U.S.C. § 7206(1). After concluding that the government had breached its plea agreement with Nelson but declining to enforce the agreement as written or transfer the case to a different judge for sentencing, the Court sentenced Nelson to 30 months imprisonment, with 28 months to be served concurrently with a separate state sentence and 2 months to be served consecutive to the state sentence, followed by one year of supervised release. The Court also ordered Nelson to pay $433,031.92 in restitution to the United States.

With the assistance of counsel, Nelson appealed the restitution order, but no other aspect of his conviction or sentence, to the Ninth Circuit, which affirmed the order of restitution in a memorandum opinion. *United States v. Nelson*, 454 Fed. Appx. 574, 576 (9th Cir. 2011). The Ninth Circuit expressly determined that "the record shows that Nelson agreed to restitution in the amount of $433,031.92." *Id.* Nelson's subsequent petitions for panel rehearing in the Ninth Circuit and for writ of certiorari to the Supreme Court were denied.

Nelson, proceeding *pro se*, filed this § 2255 petition on July 3, 2012.[1] Although

---

[1] Nelson was released from federal custody on August 31, 2012 and is currently serving his period of supervised release.

O; **JS-6**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV12-05779-AHM* <br> CR08-00583 AHM | Date | December 6, 2012 |
|---|---|---|---|
| Title | ERNEST NELSON v. UNITED STATES OF AMERICA | | |

the four specific grounds on which the petition is made are unclear, Nelson requests the following relief in his response to the government's opposition: (1) that the Court vacate the restitution order, (2) that the one-year period of supervised release be vacated, and (3) that the Court vacate certain additional terms of his sentence, specifically the requirement that he file past years' tax returns and work with the IRS to pay any additional back taxes owed. Reply at 9. Nelson contends that this relief is required as a result of the government's breach of the plea agreement. He does not argue that the period of confinement imposed was unlawful, that he is actually innocent, or that he received ineffective assistance of counsel.

1. Defendant May Not Collaterally Attack Restitution in a § 2255 Motion

The Ninth Circuit has held that "28 U.S.C. § 2255 is available to prisoners claiming the right to be released from custody. Claims for other types of relief, such as relief from a restitution order, cannot be brought in a § 2255 motion, whether or not the motion also contains cognizable claims for release from custody." *United States v. Thiele*, 314 F.3d 399, 400 (9th Cir. 2002). *Thiele* is a clear bar to Nelson's request for relief from the Court's restitution order.

Moreover, Nelson brought the same challenge to the restitution order on direct review of his sentence, and the Ninth Circuit expressly rejected it. *Nelson*, 454 Fed. Appx. at 576. Nelson may not now re-litigate that claim. *See United States v. Redd*, 759 F.2d 669, 701 (9th Cir. 1985) ("[Defendant] raised this precise claim in his direct appeal, and this court expressly rejected it. Therefore, this claim cannot be the basis of a § 2255 motion."); *Odum v. United States*, 455 F.2d 159, 160 (9th Cir. 1972) ("The law in this circuit is clear that when a matter has been decided adversely on appeal from a conviction, it cannot be litigated again on a 2255 motion.").

2. Defendant's Additional Claims are Procedurally Defaulted

In his direct appeal to the Ninth Circuit, Nelson raised no claims related to those aspects of his sentence consisting of the imposition of one year of supervised release or the requirement that he file past years' tax returns and pay additional taxes if requested by the IRS as conditions of the supervised release. *See* Gov.'s ex. D at 9 (Nelson's Reply

O; **JS-6**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV12-05779-AHM*<br>CR08-00583 AHM | Date | December 6, 2012 |
|---|---|---|---|

| Title | ERNEST NELSON v. UNITED STATES OF AMERICA |
|---|---|

Brief in the Ninth Circuit) ("[T]he parties have not appealed Nelson's supervision conditions, which are unrelated to the restitution order.").

The Ninth Circuit, quoting the Supreme Court, has stated:

> "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice' or that he is 'actually innocent.'" *Bousley v. United States*, 523 U.S. 614, 622 (1998). The Supreme Court in *Bousley* applied the procedural bar in the context of § 2255 habeas proceedings, reaffirming that both for federal and state convictions, habeas review is not to substitute for an appeal. *Id.* at 621.
>
> The "cause and prejudice" test for excusing the failure to raise a claim on direct appeal will apply, for example, where the claim rests upon a new legal or factual basis that was unavailable at the time of direct appeal, or where "interference by officials" may have prevented the claim from being brought earlier. If a petitioner succeeds in showing cause, the prejudice prong of the test requires demonstrating "not merely that the errors at . . . trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982).
>
> Finally, a petitioner who fails to show either cause or prejudice can still obtain review of a claim on collateral attack by demonstrating the likelihood of his or her actual innocence. *Bousley*, 523 U.S. at 623.

*United States v. Braswell*, 501 F.3d 1147, 1149-50 (9th Cir. 2007) (internal citations omitted).

Nelson makes no attempt to establish cause or prejudice. His present claims are

O; **JS-6**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV12-05779-AHM*<br>CR08-00583 AHM | Date | December 6, 2012 |
|---|---|---|---|

| Title | ERNEST NELSON v. UNITED STATES OF AMERICA |
|---|---|

based on the government's breach of its plea agreement with Nelson; this is not a new legal or factual basis that was not available at the time of Nelson's direct appeal of his sentence. Further, Nelson makes no claim of actual innocence, nor does he claim ineffective assistance of counsel. *See Massaro v. United States*, 538 U.S. 500, 504 (2003) ("We hold that an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal."). Nelson's claims for relief from the period and terms of supervised release are therefore procedurally defaulted.

**JS-6**

|  | : |  |
|---|---|---|
| Initials of Preparer | SMO |  |